| | | |
|---|---|---|
| RETURN DATE: JANUARY 1?, 2015 | : | SUPERIOR COURT |
| | : | |
| AMIE OLSCHAFSKIE, executrix of the | : | |
| ESTATE OF TYLER DAMATO and | : | J.D. OF HARTFORD OR |
| AMIE OLSCHAFSKIE, individually | : | HARTFORD |
| | : | |
| V. | : | |
| | : | |
| TOWN OF ENFIELD; ENFIELD POLICE | : | |
| DEPARTMENT; CHIEF CARL | : | |
| SFERRAZZA, individually and in | : | |
| his official capacity; OFFICER | : | |
| MATTHEW WORDEN, individually | : | |
| and in his official capacity; OFFICER JAIME | : | |
| YOTT, individually and in her official capacity; | : | |
| OFFICER JOHN DOE, individually | : | |
| and in his official capacity; OFFICER JANE | : | |
| DOE, individually and in her official capacity | : | DECEMBER 1, 2014 |

## COMPLAINT

### PRELIMINARY STATEMENT

1.      The Plaintiff, Amie Olschafskie, brings this civil action in her capacity as executrix of the Estate of Tyler Damato, for violations of Plaintiff's decedent's civil rights secured and protected by the Civil Rights Act of 1871, 42 U.S.C. 1983, 42 U.S.C. §1985, and the Fourth, Eighth, and/or Fourteenth Amendments to the United States Constitution, and Article One §§7, 8, 9, and/or 20 of the Connecticut Constitution, as well as the common and statutory laws of the State of Connecticut, for which she seeks damages, attorneys' fees, and costs and in her individual capacity, as well, for bystander emotional distress.

2.      The Plaintiff alleges that on December 25, 2012, the Defendant Enfield police officers, Matthew Worden, and Jaime Yott, along with other unidentified police officers, in their individual and official capacities, negligently, deliberately and/or intentionally violated Plaintiff's decedent's constitutional rights.

1

3.    The Plaintiff further alleges that Carl Sferrazza, individually and in his official capacity as Chief of Police of Enfield Police Department and the Town of Enfield is liable for the violations of these individual police officers under federal and state laws because he: (1) tolerated, condoned, encouraged and/or was deliberately indifferent to the use of excessive and/or unreasonable force, (2) failed to adequately train and provide guidelines with regard to the use of excessive force in a manner that could foreseeably lead to the violation of citizens' rights, and (3) created an atmosphere and culture in which such treatment of citizens is tolerated and/or fostered.

4.    The Plaintiff further alleges that the Defendant Town of Enfield is liable for Defendant police officers' negligent and/or deliberately indifferent conduct under Connecticut General Statute § 52-557n because such conduct occurred during the course and within the scope of the Defendant police officers' employment with the Town in a manner which caused imminent and/or present physical harm and damages to an identifiable victim, namely, the decedent, Tyler Damato.

5.    The Plaintiff alleges that as a result of the negligent and/or deliberately indifferent conduct of the Defendant Enfield police officers, as referenced herein, the decedent, Tyler Damato suffered, as an identifiable victim, who was threatened by imminent and/or present harm by the acts of the Defendant Enfield police officers, within the course and scope of their employment, severe physical and emotional distress and damages, as more particularly described herein.

6.    Statutory notice of the Plaintiffs' civil rights claims against the Defendant police officers, and intention to bring this action, was given to the Town of Enfield, pursuant to §§ 7-465 of the Connecticut General Statutes, a copy of which is attached hereto as "Exhibit A".

2

## JURISDICTION

7.     The basis of jurisdiction is predicated upon 42 U.S.C. §§ 1983 and 1985 as well as the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

## PARTIES

8.     At all times mentioned herein, the Plaintiff, Amie Olshafskie, is a resident of Enfield, Connecticut.

9.     The Plaintiff represents the Estate of Tyler Damato, (hereinafter "Damato"). Plaintiff was the mother of Tyler Damato, the injured and aggrieved party and was duly appointed as Damato's executrix on October 22, 2014 by the Enfield Probate Court.

10.     Plaintiff's decedent, Tyler Damato, passed away on February 8, 2013.

11.     The Defendant, Town of Enfield, is a municipality created and existing as a political subdivision of the State of Connecticut pursuant to the laws of the State of Connecticut and acting at all pertinent times herein through its duly authorized agents, employees and/or representatives.

12.     At all relevant times described herein, Defendant Chief Carl Sferrazza was the Chief of Police of the Enfield Police Department and Enfield's final policymaker in the area of law enforcement. Defendant Carl Sferrazza is sued in his individual and official capacity as Chief of Police for the Town of Enfield, and was acting in his individual and/or official capacity in the performance of his duties, and within the scope of his employment as Chief of Police, and was acting under the color of state law, that is, under color of the Constitution, statutes, laws,

3

charter, ordinances, rules, regulations, customs and usages of the United States and State of Connecticut.

13.     At all relevant times described herein, Defendant Officers Matthew Worden, Jaime Yott, John Doe and Jane Doe were Police Officers assigned to the Enfield Police Department. Each defendant is sued individually and in his official capacity as a police officer in the performance of their duties and under color of state law, that is, under color of the Constitution, statutes, laws, charter, ordinances, regulations, customs and usages of the United States and the State of Connecticut.

14.     At all relevant times described herein, the Defendants individually and/or in concert, were acting with deliberate indifference and under the totality of the circumstances, objectively unreasonably, with regard to the health, safety, wellbeing and/or rights of the decedent.

15.     At all relevant times described herein, under the totality of the circumstances, the actions of all defendants, individually and/or in concert, were objectively unreasonable and/or were carried out with conscious disregard for the health and safety of the decedent, Tyler Damato.

16.     At all relevant times described herein, Defendant Town of Enfield Police Officers acted jointly and in concert with each other and each such individual had the duty and reasonable opportunity to intervene to protect decedent Tyler Damato from the negligent, reckless, willful, knowing, unconstitutional and/or deliberately indifferent acts of the other Defendants, as described herein, but each Defendant failed and/or refused to perform such duty, despite such

4

reasonable opportunity to do so, as it arose, thereby proximately causing the injuries and losses complained of herein.

## STATEMENT OF FACTS

17.    On or around October 24, 2012, Tyler Damato was struck by a car and sustained a traumatic brain injury when his head hit the pavement.

18.    As a result of his injuries, Damato suffered a significant diminution of his motor and cognitive skills, was forced to walk with a cane and experienced depression.

19.    On or about December 25, 2012, Tyler Damato, who had been displaying signs of frustration and depression, called the Plaintiff, Amie Olshafskie, and expressed thoughts of suicidal ideation.

20.    Plaintiff and other family members managed to find Tyler Damato and bring him home to safety.

21.    Shortly after this incident, Plaintiff was worried about her son and sent her mother, Tyler's grandmother, to the Enfield Police Station, where she explained that Tyler had recently suffered from a serious traumatic brain injury and asked the Enfield Police for help in having Tyler admitted for mental observation.

22.    At or around 8:00 PM in response to Tyler's grandmother's request for help, as aforesaid, Enfield Police Officer Matthew Worden, Jaime Yott, and John Doe arrived at Plaintiff's house.

23.    Plaintiff invited the Defendant officers inside, where she explained Tyler's situation and repeatedly emphasized that because Tyler had suffered a recent, serious traumatic

5

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

brain injury, they should be gentle with him and make sure he did not hit his head because this could aggravate his brain injury and he could potentially die if he hit his head.

24.     Tyler, who was present for this discussion, agreed to go to the hospital for observation and exited the house with the Defendant Officers.

25.     Upon exiting the house, Tyler slowly began to walk to the ambulance, using his cane for support, escorted by Defendant police officers including Officer Worden.

26.     Before he had made it halfway to the ambulance, Tyler, who was cooperating, accidentally dropped his cane on the ground.

27.     As he was bending for his walking cane, Tyler Damato, without warning or justification, was violently forced to the ground by Officer Worden and/or one of the other Defendant police officers, who, without provocation of any kind, smashed his head into the asphalt multiple times and tased him twice, before kneeling on his head, all while Tyler Damato was seeking help from the police while frail, vulnerable and defenseless.

28.     At no time did Tyler Damato resist any Enfield police officers on the scene or threaten anyone while in the presence of the Defendant officers and he was never arrested for any crime related to the incident described herein.

29.     Throughout the entire episode, although in a reasonable position to do so, no other Defendant Enfield officer attempted to prevent Officer Worden from tasing Tyler Damato, nor did any Defendant Officer attempt to help Tyler Damato or prevent him from striking his head on the ground, at any time, despite the reported presence of multiple Enfield police cruisers and numerous Defendant police officers.

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

30.     Tyler Damato, who was knocked unconscious for a period of time, was subsequently taken by ambulance to St. Francis Hospital in Hartford, where he was monitored and treated for his severe head injuries and aggravated traumatic brain injury and sequelae, including severe post-concussive and post-traumatic effects, due to the unprovoked, unjustified use of force on him by Officer Worden, as aforesaid.

31.     Tyler was discharged from St. Francis on or around December 31, 2012.

32.     On February 8, 2013, Tyler Damato was involved in a car accident.

33.     As a direct result of the deliberately indifferent actions and omissions of the Defendants, as aforesaid, the Plaintiff's decedent, Tyler Damato suffered numerous physical injuries and sequelae, including a serious traumatic brain injury and/or aggravation thereof, as set forth more particularly herein, some or all of which were permanent in nature and directly resulted in the untimely death of Tyler Damato, as set forth more particularly herein.

34.     As a direct and further result of the aforesaid actions and conduct of Defendants, decedent was forced to incur medical and other healthcare expenses, all related to his physical injuries and damages as aforesaid.

35.     As a further direct result and consequence of the aforesaid actions and conduct of the Defendants and consequence, Tyler Damato was pronounced brain dead on February 8, 2013 at 6:53 p.m.

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

**COUNT ONE:**         **Plaintiff Amie Olschafskie as Executrix of the estate of Tyler Damato against the Named Defendant Enfield Police Officers for Violations of Rights secured by 42 U.S.C. § 1983 and the Fourth, Eighth and/or Fourteenth Amendments to the United States Constitution due to their use of Unreasonable and/or Excessive Force on Tyler Damato.**

1-35.   Paragraphs 1-35 are hereby fully incorporated into this Count One and made paragraphs 1-35 of this Count.

36.     Under the totality of the circumstances, Defendant Enfield police officers, including Officer Matthew Worden, Officer Jaime Yott, and Officers John and Jane Doe, while acting under the color of state law, acted with deliberate indifference and/or objective unreasonableness when they used excessive force on the decedent Tyler Damato, as aforesaid.

37.     As a direct result of the Defendants' actions, as aforesaid, the decedent, Tyler Damato, suffered severe and permanent physical injuries, psychological trauma, anxiety, humiliation, pain and suffering, and an untimely death, as well as other injuries and damages including medical expenses and loss of income, as more particularly set forth herein, in violation of decedent Tyler Damato's rights as guaranteed under the Fourth and/or Fourteenth Amendments to the United States Constitution.

38.     The conduct and actions of some or all of the Defendant Enfield police officers, as aforesaid, acting under color of law, were excessive and constituted unreasonable use of force, in violation of the decedent Tyler Damato's Fourth and/or Fourteenth Amendment rights as secured by 42 U.S.C. § 1983.

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW

100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

**COUNT TWO:**   **Plaintiff Amie Olschafskie as Executrix of the estate of Tyler Damato against Named Defendant Enfield Police Officers for Violations of Rights Secured by Article I §§ 7 and 9 of the Connecticut Constitution due to their use of Unreasonable and/or Excessive Force on Tyler Damato.**

1-38.   Paragraphs 1-38 of Count One are hereby fully incorporated and made paragraphs 1-38 of this Count Two.

39.   The conduct and actions of the Defendant Enfield police officers, as aforesaid, violated decedent Tyler Damato's State Constitutional rights as they constituted unreasonable use of force, in direct violation of Tyler Damato's rights under Article I §§ 7 and 9 of the Connecticut Constitution.

40.   As a direct and proximate result of Defendant Officers' actions, as aforesaid, the decedent Tyler Damato has suffered severe and permanent physical and psychological injuries, humiliation, pain and suffering, an early death, loss of income and related medical expenses, as more particularly set forth herein.

**COUNT THREE:**   **Plaintiff Amie Olschafskie as Executrix of the estate of Tyler Damato against Defendant Enfield Police Officers for Negligent Conduct under the Common Law of Connecticut.**

1-40.   Paragraphs 1-40 of Count Two are fully incorporated herein and made Paragraphs 1-40 of this Count Three.

41.   The defendant Enfield Police Officers, acting individually and/or in concert with each other as aforesaid, exhibited a lack of reasonable care in so acting in one or more of the following ways:

a.   Their conduct was unreasonable and breached the applicable duty and standard of care that the Defendants owed to Plaintiff's decedent Tyler Damato to take all available measures reasonably necessary to protect his safety, particularly

9

since he was a citizen of the community who was seeking help from the police and was not suspected of or charged with any criminal activity or wrongdoing;

b.      Their conduct in instituting use of force, including the use of a taser, against Tyler Damato, with no justification or probable cause to do so, exhibited lack of due care in regard to the health, safety and well-being of the Plaintiff;

c.      Defendants applied unreasonable force in tasing and knocking the Plaintiff's decedent to the pavement without warning, causing him to strike his head forcefully on the ground;

d.      Defendants acted with lack of due care and/or extreme disregard for the safety and wellbeing of the Plaintiff's decedent when Defendant officers acted to force the Plaintiff's head on the pavement despite possessing actual knowledge that he suffered from a recent traumatic brain injury and that any trauma to his head was potentially deadly;

e.      Some or all of the Defendant Enfield Police officers failed at the scene to intervene to prevent and/or stop others from using unreasonable force on the Plaintiff, and/or unlawfully seizing him, as aforesaid, although they were in a reasonable position to do so for an extended period of time; and

f.      Defendants knew or reasonably should have known or foreseen that their unreasonable and dangerous conduct, as aforesaid, would cause serious and permanent injury to the Plaintiff's decedent, Tyler Damato, of the type it did cause.

42.      As a direct and proximate result of Defendant Police Officers negligent actions, as aforesaid, decedent Tyler Damato suffered severe and permanent physical, emotional and economic injuries, humiliation, pain and suffering, and his untimely demise, as more particularly set forth herein and/or his wrongful death and resultant damages, as more particularly set forth herein.

**COUNT FOUR**:      **Liability of Defendant Enfield Police Officers to Plaintiff's Decedent Tyler Damato for Reckless and/or Willful Conduct under the Common Law of Connecticut**

1-40.    Paragraphs 1-40 of Count Two are fully incorporated herein and made Paragraphs 1-40 of this Count Four.

41.      Some or all of the Defendant Enfield Police Officers acted maliciously, recklessly, willfully, with deliberate indifference and/or with conscious disregard for the life,

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW

100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

health and well-being of decedent Tyler Damato, as aforesaid, in derogation of their duties, as follows:

a.      They tased Tyler Damato and caused him to fall to the ground and/or smashed his head on the asphalt, despite the fact that they were present primarily to assist him and protect the safety and well-being of the Plaintiff's decedent and the fact that the decedent had committed no crime and posed no threat to anyone;

b.      They used force on him, as aforesaid, despite the fact that they knew Tyler Damato had suffered from a recent traumatic brain injury and could die if he hit his head; and

c.      They failed to intervene to prevent or stop others from recklessly and/or willfully violating Plaintiff's decedent's Constitutional rights, as aforesaid, although they were in a reasonable position to do so and they failed to render timely or adequate medical assistance after they had unreasonably severely injured him and thereby compromised his immediate and longer term health and safety, as aforesaid.

42.      As a direct result of such reckless, deliberate and/or willful misconduct, as aforesaid, decedent Tyler Damato suffered severe and permanent physical, emotional and economic injuries, as set forth more particularly herein.

**COUNT FIVE:**      **Plaintiff Amie Olschafskie as Executrix of the estate of Tyler Damato against Defendant Enfield Police Officers for Intentional Infliction of Emotional Distress under the Common Law of Connecticut**

1-42.      Paragraphs 1-42 of Count Four are hereby incorporated and made Paragraphs 1-42 of this Count Five.

43.      The aforementioned actions of Defendant Enfield police officers were intentional, willful and/or deliberate and caused decedent Tyler Damato to suffer from severe emotional distress following his assault.

44.      The Defendants should have reasonably foreseen that severe emotional distress would have resulted from their actions.

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

45.     Such conduct by the Defendants was extreme and outrageous and exceeded all bounds usually tolerated by decent society.

46.     The Defendants' conduct directly caused decedent Tyler Damato severe emotional distress, including but not limited to post-traumatic stress disorder, anxiety, fear of police officers, humiliation and loss of dignity.

47.     Defendants' conduct, as aforesaid, which exhibits a willful indifference toward the rights of others and demonstrates intentional and wanton violation of decedent Tyler Damato's rights, further directly caused decedent to suffer severe physical, cognitive emotional and economic injuries, as more particularly set forth herein.

**COUNT SIX:**        **Plaintiff Amie Olschafskie as Executrix of the estate of Tyler Damato against Defendant Officers for Negligent Infliction of Emotional Distress under the Common Law of Connecticut.**

1-47.   Paragraphs 1-47 of Count Five, are hereby incorporated and made paragraphs 1-47 of this Count Six

48.     The aforesaid negligent actions of Defendant Enfield Police Officers caused the decedent Tyler Damato to suffer from severe emotional distress, that defendants knew or should have known would result from their actions.

49.     Such conduct was unreasonable and exceeded all bounds usually tolerated by decent society.

50.     As a result of such conduct, decedent Tyler Damato suffered severe physical and emotional distress, including but not limited to post-traumatic stress disorder, anxiety, fear of police officers, humiliation, and loss of dignity, as well as physical and economic injuries and damages as more particularly set forth herein.

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

**COUNT SEVEN:**   **Plaintiff Amie Olschafskie as Executrix of the estate of Tyler Damato against Defendant Enfield Police Officers for Assault and Battery under the Common Law of Connecticut**

1-50.   Paragraphs 1-50 of Count Six are hereby incorporated and made Paragraphs 1-50 of this Count Seven.

51.   Some or all of the Defendant Enfield Police Officers, separately or in concert, engaged in the following reckless, deliberate, unpermitted, offensive and/or intentional conduct which initially placed Plaintiff in reasonable apprehension of imminent and serious bodily harm, and caused him to suffer from such bodily harm, to wit:

   a.   They used serious and injurious physical force on Plaintiff's decedent while he was helpless, vulnerable, non-combative and/or nonthreatening and merely seeking their assistance;

   b.   They tased the Plaintiff's decedent, causing him to fall to the ground and strike his head on the cement, despite the fact that was arrested for no crime, posed no threat to anyone and engaged in no resistance, and despite the fact that they were called to the residence to help him, not arrest or attack him;

   c.   They deliberately and/or recklessly caused Plaintiff's decedent's head to strike the asphalt, then kneeled on it, despite direct knowledge that he suffered from a recent traumatic brain injury and that such a blow could result in serious incapacitation or death.

52.   As a direct result of Defendant Enfield Police Officers' conduct, as aforesaid, which constituted assault and battery on him, Plaintiff's decedent Tyler Damato suffered severe and permanent physical, psychological injuries and economic injuries as set forth more particularly herein.

13

**COUNT EIGHT:**  **Plaintiff Amie Olschafskie as Executrix of the estate of Tyler Damato against Defendant Enfield Police Officers for Violations of Plaintiff's Fourth and/or Fourteenth Amendment Rights as Secured by 42 U.S.C. § 1983 for Failure to Intervene**

1-52.   Paragraphs 1-52 of Count Seven are hereby incorporated as Paragraphs 1-52 of this Count Eight.

53.   Although in a reasonable position to do so, some or all of the Defendant Enfield Police Department Members failed to intervene to prevent and/or stop the unreasonable use of force on decedent Tyler Damato, by others, as described herein, thereby causing his injuries, as set forth more particularly herein.

54.   As a consequence of the aforesaid actions of Defendants, decedent Tyler Damato has suffered damages, including serious and permanent physical and psychological trauma and loss of income, as more particularly set forth herein.

**COUNT NINE:**  **Plaintiff Amie Olschafskie as Executrix of the estate of Tyler Damato against Defendant Enfield Police Officers for Violations of Plaintiff's Rights Secured by Article I, §§ 7, 8, 9 and/or 20 of the Connecticut Constitution for Failure to Intervene**

1-54.   Paragraphs 1-54 of Count Eight are hereby incorporated and made paragraphs 1-54 of this Count Nine.

55.   Although in a reasonable position to do so, some or all of the Defendant Enfield police officers failed to intervene to prevent and/or stop the unreasonable use of force on decedent Tyler Damato, by others, as described herein, thereby directly causing him physical, emotional and economic injuries, as set forth more particularly herein.

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

**COUNT TEN:**      **Liability of the Town of Enfield pursuant to Connecticut General Statute § 52-557n(a).**

1-55.   Paragraphs 1-55 of Count Ten are hereby fully incorporated and made paragraphs 1-55 of this Count Ten.

56.     The negligent acts and omissions of some or all of the Defendant Enfield police officers, as described herein, occurred while Defendants were on duty, in uniform, and/or performing acts within the scope of and in the course of their employment as police officers for the Defendant, Town of Enfield.

57.     The negligent conduct of such Defendant Enfield police officers', as described herein, occurred while they were acting as agents and/or employees of the Town of Enfield, with a purpose to further the interests of the Town of Enfield, as duly authorized.

58.     Such negligent conduct of the Defendant Enfield Police Officers' as described herein, subjected decedent Tyler Damato, an identifiable victim, to foreseeable imminent harm of a nature which did, in fact, occur to him, as described herein.

59.     As a result, Defendant Town of Enfield is liable to the decedent Tyler Damato under Connecticut General Statutes § 52-557n(a) for the negligent acts of Defendant Enfield police officers, as agents, employees and or representatives that were committed in the course of their employment and the scope of their duties, as aforesaid and that directly and proximately caused Tyler Damato's severe and permanent injuries and damages, including his wrongful death, as set forth more particularly herein.

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

**COUNT ELEVEN:**        Liability of the Defendant Enfield police officers and Town of Enfield Pursuant to Connecticut General Statute §52-555 (wrongful death) and 52-557n(a)

1-59.    Paragraphs 1-59 of Count Nine are hereby incorporated and made paragraphs 1-59 of this Count Eleven.

60.    The negligent actions and/or violations of the Plaintiff's decedent's civil rights by the Defendant Enfield police officers, as aforesaid, were substantial factors in producing the death of the Plaintiff's decedent, Tyler Damato, on February 8, 2013, in violation of Conn. Gen. Stat. §52-555, and thereby renders them liable to him for "just damages," including pain and suffering, loss of enjoyment of life's activities, loss of income and earning capacity, infliction of a traumatic brain injury and aggravation of an existing traumatic brain injury and sequelae, medical expenses and burial and funeral expenses, as more particularly set forth herein, directly resulting in his wrongful death on February 8, 2013, as also more particularly set forth herein.

**COUNT TWELVE:**        Plaintiff Amie Olschafskie as Executrix of the estate of Tyler Damato against Defendant Town of Enfield and Chief of Police Carl Sferazza for Violations of Rights Secured by 42 U.S.C § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution Due to an Inadequate Policy and Custom

1-60.    Paragraphs 1-60 of Count Eleven are hereby incorporated and made Paragraphs 1-60 of this Count Twelve.

61.    At all pertinent times herein, Defendant Town of Enfield, acting through its Chief of Police Carl Sferrazza, the final policymaker for the Town of Enfield in the area of law enforcement, had in effect de facto policies, practices and customs exhibiting deliberate indifference to the constitutional rights of citizens and residents of Enfield, which were the moving force behind and a direct and proximate cause of the unconstitutional conduct of

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW

100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

Defendant Enfield Police Officers and their resultant violations of the constitutional rights of decedent Tyler Damato, as described herein.

62. These deficient policies, practices and/or customs of the Defendant, Town of Enfield, both department-wide and in regard to the named Defendant police officers in the present case, include, inter alia:

a.     Its failure to properly and adequately supervise, monitor, investigate and/or discipline or otherwise take reasonable measures to contain or control those Enfield police officers, including the Defendant police officers herein, whose past actions and/or misconduct have, over time, exhibited pronounced tendencies toward violence, over-aggressiveness and/or other conduct evidencing unacceptable practices in the course of arrests and seizures, in the following respective areas, to wit:

   i.   Unreasonably neglecting their duty to serve and protect the public when interacting with them, in a manner which, instead, resulted in harm to the public and thereby compromised public safety;

   ii.  Failure to adequately or fully investigate or assess the total circumstances while apprehending or arresting a citizen, generally and more particularly in regard to persons who are arrested without a warrant and without probable cause to believe that a crime has been committed;

   iii. Failure to establish probable cause before restraining, arresting and/or seizing of citizens, as in this case;

   iv.  Failure to render adequate medical assistance to citizens whose medical condition requires it, as in this case;

   v.   Failure to intervene when reasonably opportune to prevent violation of a citizen's civil rights by other police officers, as in this case;

   vi.  Failure to prepare adequate use of force reports including adequate documentation of any injures when a citizen is injured by police actions, as in this case;

   vii. The improper and unreasonable use of force on a citizen, by such police officers, particularly after that citizen has been handcuffed or otherwise subdued and/or is otherwise observably nonthreatening and/or not resisting, as in this case;

17

viii. Improper and unreasonable use of the criminal charge of "resisting arrest" particularly when used as a pretense for falsely arresting or using unreasonable force on a citizen.

ix. An accumulation by one or more officers of multiple or disproportionate complaints and incidences over time, including some or all of the present defendant Enfield police officers, regarding rights violations and breaches of department rules pertaining to areas such as arrests, use of force, truthfulness and courtesy, without adequate reprimand, counseling or discipline;

x. Failure to conduct meaningful or objective internal affairs reviews of prior misconduct of Enfield police officers generally and of some or all of the defendant police officers in this case, including reviews of citizen complaints and other suspected misconduct of involved officers, sounding in false arrest, unreasonable use of force, untruthfulness, unprofessional conduct and individual instances and/or patterns of harassment, overzealousness and/or violence toward citizens;

xi. Abuse of the rights of citizens for no reason other than the fact that they may have expressed some sort of disagreement with the particular Enfield police officer or because such use of force, while unjustified, appeared to be "convenient" to the officer to accomplish his or her immediate purposes;

xii. Failure to institute a department-wide system that serves to review and screen improper and/or abhorrent behavior by Enfield police officers, including some or all the defendant Enfield police officers in this case, in a manner that serves as an adequate monitor to alert the department and/or internal affairs of the potential for their future misconduct, while also serving as an effective method of deterring similar future targeted conduct of Enfield police officers, including the individual defendants in this case;

xiii. Failure to adequately train Enfield police officers to recognize or respond to tendencies toward and/or patterns of violent behavior exhibited by their fellow Enfield police officers in a manner that would have provided further notice to Enfield Police Department supervisors and directors;

xiv. Failure to institute meaningful disciplinary actions against Enfield Police Officers including the defendant officers in this case, such as suspension, counseling, anger management treatment, remedial training classes or termination, in response to citizen complaints and other evidence of police misconduct;

xv. Failure to identify and adequately control the disproportionate overzealous, unprofessional and/or untruthful tendencies and conduct of

18

one Enfield officer in particular, Officer Matthew Worden, and other officers including those officers who accompanied him on assignments, despite the pronounced and blatant pattern of violent and abhorrent behavior that Officer Worden and his cohorts exhibited over time when on calls;

xvi. Deliberately ignoring and/or disregarding internal reviews and reports which red flagged the behavior and actions of defendant Officer Matthew Worden and identified Defendant Worden as a danger to citizens of Enfield, when acting alone and also with certain other officers including some or all of the Defendant officers in this case;

xvii. Failure to discipline or conduct a meaningful investigation into the allegations regarding the conduct and behavior of Officer Matthew Worden despite the submission of one or more colorable arrest warrants to the state's attorney's office relating directly to Officer Matthew Worden's violent acts.

b.    Its failure to properly and adequately supervise, train, advise, and/or issue orders, rules, regulations and/or guidelines, reasonably necessary to promote use of accepted police practices by Enfield police officers, including the Defendant police officers herein, during arrests and seizures, in regard to the following areas:

i. Reasonable use of handcuffs, police canines, tasers and other types of force when approaching, apprehending or arresting a subject;

ii. Correct investigative, evaluative and/or arrest procedures including investigation of and follow up on all material leads and how to develop sufficient probable cause at a scene before an arrest or seizure is made;

iii. Proper preparation of use of force reports when force is used by any police officer on a citizen, including proper documentation and photography of any resultant injuries and/or taser reports;

iv. Timely, restorative actions to take when a citizen is in police custody and has serious injuries and immediate medical assistance is needed;

v. Appropriate intervention when a reasonable opportunity exists to prevent or stop other officers from unduly injuring and/or violating the civil rights of a citizen.

vi. Control of anger and overly aggressive behavior of officers toward citizens at scenes and establishment of express criteria to determine when counseling is reasonably necessary to deal with such proclivities after they are demonstrated;

19

    vii.   Application of the continuum of force concept and when to use verbal or other less restrictive means as opposed to severe or disproportionate force;

   viii.   The concept that life is sacred and that force should be used as a last resort, when all other means of interaction are no longer feasible, because citizen and officer safety are paramount;

    ix.   When and how officers should report on other officers whom they are aware have mistreated citizens;

     x.   Tactics relating to approaching and handling a scene in a manner which defuses potential danger and enhances citizen and officer safety.

c.    Failure to adequately detect, screen, monitor, investigate and/or discipline the prior bad acts of the Defendant Enfield police officers, including Matthew Worden, in the following ways:

     i.   Failure to adequately and objectively investigate or consider citizen's complaints either individually or collectively made against Defendant Enfield police officers including officer Worden or to attach proper significance to them;

    ii.   Failure to properly discipline Enfield Police officers including Officer Worden following a citizens complaint by methods such as suspension, counseling, anger management treatment, remedial training classes and/or termination;

   iii.   Failure to adequately and objectively consider the seriousness of the threat Officer Worden posed to the citizens of the community on a daily and continuous basis over several years;

    iv.   Failure to adequately train officers such as Officer Worden regarding how to approach or assess circumstances at a scene, establish probable cause and/or effect an arrest, seizure and/or use force, where reasonably necessary, on a citizen, in a constitutional manner;

    v.   Failure to suspend or terminate Officer Worden's employment in a timely manner, before they became public, despite receiving at least seventeen citizen's complaints directed at officer Worden's behavior over a relatively short period of time, which complaints comprised a high and disproportionate percentage of complaints lodged against all Enfield police officers during that period;

    vi.   Failure to properly discipline other Enfield police officers, including some or all of the other Defendant police officers in this case, based on their disproportionate and/or otherwise serious complaint history.

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW

100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

53.     Each of the aforementioned deficient policies, practices and customs of Defendant Town of Enfield, individually and/or in combination, served to promote, foster and/or form an environment and/or mindset conducive to the violation of the Constitutional rights of individuals, including decedent Tyler Damato, and thereby constituted the moving force behind the violation of the Constitutional rights of the decedent, as set forth more particularly herein.

54.     As Chief of Police, the Defendant Carl Sferrazza authorized, approved, condoned and/or ratified the above-referenced practices and customs of the Defendant Town of Enfield, which constituted the moving force behind such violation of the Constitutional rights of the decedent, Tyler Damato, as set forth more particularly herein.

55.     As a direct and proximate result of such inadequate and/or improper policies, practices and/or customs of the Defendant, Town of Enfield, as referenced herein, as endorsed by the defendant Police Chief, the decedent suffered the violation of his Constitutional rights and severe and permanent physical, emotional and economic injuries, as more particularly set forth herein.

**COUNT THIRTEEN:**     **Amie Olschalfskie, in her individual capacity against the Town of Enfield, Enfield Police Department, Chief Carl Sferrazza, Officer Matthew Worden, Officer Jamie Yott, Officer John Doe and Officer Jane Doe for violation of her common law rights to damages related to bystander emotional distress**

1-55.   Paragraphs 1-55 of Count Twelve are hereby incorporated and made paragraphs 1-55 of this Count Thirteen.

56.     Plaintiff, Amie Olschalfskie, in her individual capacity, as mother of the Plaintiff's decedent, Tyler Damato, contemporaneously observed the negligent, reckless, deliberately indifferent and/or unconstitutional acts of some or all of the Defendant Enfield

21

police officers herein, as set forth herein, which directly produced severe physical pain and suffering and sequelae to her son, Tyler Damato, as aforesaid and ultimately were a substantial factor in his death, on February 8, 2013, as set forth more particularly herein.

57.     As a direct result and consequence of such contemporaneous observation and perception, on her part, the Plaintiff, Amie Olschalfskie, in her individual capacity, suffered severe related physical and emotional injuries and distress due to seeing her brain injured son, who had already experienced a recent brain injury, forced to the ground and tased and his head smashed on the asphalt and kneeled on, while helpless, rendering him temporarily unconscious, by one or more of the Defendant Enfield police officers, thereby directly resulting in severe brain damage and sequelae to her son and his ultimate death as more particularly described herein.

**COUNT FOURTEEN:**      **Indemnification Pursuant to Connecticut General Statutes § 7-465**

1-57.   Paragraphs 1-57 of Count Thirteen are hereby incorporated and made Paragraphs 1-57 of this Count Fourteen.

58.     Defendant Town of Enfield is legally liable to pay on behalf of Defendant Enfield Police Officers and Chief of Police Carl Sferrazza all sums which Defendant Enfield Police Officers become obligated to pay by reason of the aforesaid causes of action imposed upon such employees by law for damages awarded for the violation of common law rights and infringement of the civil rights and physical damages to the person and/or property of decedent Tyler Damato as a result of the events complained of herein (as attached hereto as Exhibit "A").

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

**WHEREFORE**, Plaintiff Amie Olschafskie, as Executrix of the estate of Tyler Damato, hereby

demands the following relief:

      1.      Monetary damages, including compensatory, actual and/or punitive damages,
where applicable;

      2.      Actual, dignitary and/or punitive damages, pursuant to 42 U.S.C. §1983;

      3.      "Just damages" pursuant to Conn. Gen. Stat. §52-555.

      4.      A Court Order, pursuant to 42 U.S.C. § 1988, that she is entitled to reasonable
attorney's fees and costs incurred in maintaining this action pursuant to 42 U.S.C.§ 1983, as
pleaded herein;

      5.      Such other relief in law or equity as the Court may deem just and proper.

**AND WHEREFORE**, the Plaintiff Amie Olschalfskie, in her individual capacity, further

demands monetary damages for the severe physical and emotional distress she suffered as a

bystander to the incident described herein and such other relief in law or equity as the Court may

deem just and proper.

PLAINTIFF, AMIE OLSCHAFSKIE IN HER
INDIVIDUAL CAPACITY AND AS
EXECUTRIX OF THE ESTATE OF
TYLER DAMATO

By:
David K. Jaffe
Brown Paindiris & Scott, LLP
100 Pearl Street
Hartford, CT 06103
Tel. (860) 522-3343
Fax: (860) 522-2490
Email: djaffe@bpslawyers.com

By:
Paul Spinella
Spinella & Associates
1 Lewis Street
Hartford, CT 06103
Tel: (860) 728-4900
Fax: (860) 728-4909
Email: attorneys@spinella-law.com

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW

100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

RETURN DATE: JANUARY 13, 2015      :      SUPERIOR COURT
                                   :

AMIE OLSCHAFSKIE, executrix of the    :
ESTATE OF TYLER DAMATO, and        :      J.D. OF HARTFORD OR
AMIE OLSCHALFSKIE, individually     :      HARTFORD
                                   :

V.                                  :
                                   :

TOWN OF ENFIELD; ENFIELD POLICE    :
DEPARTMENT; CHIEF CARL            :
SFERRAZZA, individually and in        :
his official capacity; OFFICER          :
MATTHEW WORDEN, individually      :
and in his official capacity;  OFFICER JAIME  :
YOTT, individually and in her official capacity;  :
OFFICER JOHN DOE, individually       :
and in his official capacity; OFFICER JANE   :
DOE, individually and in her official capacity  :      DECEMBER 1, 2014

## STATEMENT OF AMOUNT IN DEMAND

      The amount, legal interest, or property in demand is in excess of Fifteen Thousand and

00/100 ($15,000.00) Dollars, exclusive of interests and costs.

PLAINTIFF, AMIE OLSCHAFSKIE IN HER INDIVIDUAL CAPACITY AND AS
EXECUTRIX OF THE ESTATE OF TYLER DAMATO

                      By:
                      David K. Jaffe
                      Brown Paindiris & Scott, LLP
                      100 Pearl Street
                      Hartford, CT  06103
                      Tel. (860) 522-3343
                      Fax: (860) 522-2490
                      Email: djaffe@bpslawyers.com

                      By:
                      Paul Spinella
                      Spinella & Associates
                      1 Lewis Street
                      Hartford, CT 06103
                      Tel: (860) 728-4900
                      Fax: (860) 728-4909
                      Email: attorneys@spinella-law.com

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW

100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

EXHIBIT "A"

## CERTIFIED RETURN RECEIPT REQUESTED

October 21, 2014

## NOTICE OF INTENT TO COMMENCE ACTION

TO:        Suzanne Olechnicki
                Town Clerk
                820 Enfield Street
                Enfield, CT 06082

**TAKE NOTICE** pursuant to Conn. Gen. Stat. Sections 7-465 and 7-110a and all other pertinent statutory provisions, **Ms. Amie Olschafskie, executrix of the Estate of Tyler Damato** intends to bring an action pursuant to those statutes because of damage to person and deprivations of his civil rights under the Constitutions and laws of the United States and the State of Connecticut sustained as a result of the use of excessive force and other unlawful police action.

At this time and place, police officers seized him and used excessive force against him, causing multiple injuries. These actions violated the Constitutions and laws of the United States and the State of Connecticut.

**DATE OF INCIDENT:**               On or about December 25, 2012

**TIME OF INCIDENT:**               At or about approximately 8:00 p.m.

**PLACE OF INCIDENT:**            Town of Enfield
                                       1 Fairlawn Circle, Enfield

**PERSON SUFFERING DAMAGE:**     Tyler Damato
                                       1 Fairlawn Circle
                                       Enfield, CT

Page 1 of 3

## INJURIES:

**Tyler Damato:**   A medical call was made by Tyler Damato's grandmother at the Enfield Police Station for Tyler to be taken by ambulance for admission to a hospital for observation due to suicidal thoughts.  The grandmother made it very clear to the officer in charge that Tyler had a brain injury and could not jostle his head in any way due to bleeding of the brain.  The mother and grandmother were assured that he would be handled gently.

Subsequently, Officer Worden and Officer Yott arrived at Tyler Damato's residence where they were again advised of Tyler Damato's medical condition--both officer's assured the family that no violence of any kind would be employed.  While waiting for an ambulance to arrive, Tyler Damato was suddenly assaulted by Officer Worden who tackled Tyler Damato from behind, slamming his head into the curb several times and tossing him in his head area.

The assault was conducted without warning or justification of any kind.  As a result of these actions, Tyler Damato suffered serious traumatic brain injury resulting his death approximately six weeks later.

## PERSONS RESPONSIBLE FOR DAMAGES:

        Town of Enfield
        Carl Sferrazza, Chief of Police, Enfield Police Department
        K-9 officer Matthew Worden -- Member of Enfield Police   Department.
        Officer Yott, member of Enfield Police Department
        John Doe, #1, member of Enfield Police Department
        John Doe, #2, member of Enfield Police Department
        John Doe, #3, member of Enfield Police Department
        John Doe, #4, member of Enfield Police Department
        John Doe, #5, member of Enfield Police Department
        John Doe, #6, member of Enfield Police Department
        John Doe, #7, member of Enfield Police Department
        John Doe, #8, member of Enfield Police Department

SPINELLA & ASSOCIATES
1 Lewis Street, Hartford, CT 06103
(860) 728-4900

**ALLEGED VIOLATIONS:**

Generally, violation of Mr. Tyler Damato's Constitutional rights, relating to unreasonable use of force, pursuant to the provisions included in the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution and to comparable sections of the Connecticut Constitution, including Article 1, Sections 7, 8 and 9, respectively, and violation of common law rights, including the right to be free from malicious prosecution.

Dated at Hartford, Connecticut, this 21st day of October, 2014.

CLAIMANT,

BY

A. Paul Spinella, Esq.
Spinella & Associates
One Lewis Street
Hartford, CT 06103
(860) 728-4900
(860) 728-4909 (fax)
Juris #: 413617

Page 3 of 3

SPINELLA & ASSOCIATES
1 Lewis Street, Hartford, CT 06103
(860) 728-4900

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Suzanne Olechnicki
Town Clerk
820 Enfield Street
Enfield, CT 06082

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
10/22/14

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail   ☐ Priority Mail Express
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7013 2630 0000 1464 3974

PS Form 3811, July 2013        Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

## OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7013 2630 0000 1464 3974

Sent To
Suzanne Olechnicki
Street, Apt. No.; or PO Box No.
820 Enfield Street
City, State, ZIP+4
Enfield, CT 06082

PS Form 3800, August 2006            See Reverse for Instructions