# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| Amie Olschafskie, individually and as executrix of the Estate of Tyler Damato,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>Town of Enfield, et al.,<br><br>　　　Defendants. | No. 3:15-cv-00067 (MPS) |

## MEMORANDUM AND ORDER

Plaintiff Amy Olschafskie, acting individually and as executrix of the estate of her son

Tyler Damato, brings this action against the Town of Enfield (the "Town"), the Enfield Police

Department, Police Chief Carl Sferrazza, Officer Matthew Worden, Officer Jamie Yott, and two

unnamed officers.  Olschafskie's claims arise out of her allegations that the officer defendants

contributed to Tyler's death by violently forcing him to the ground, hitting and kneeling on his

head against asphalt, and tasing him.  (Compl., ECF No. 1-1, at ¶¶ 17–35.)  Defendants Town of

Enfield, Enfield Police Department, Sferrazza, and Yott have filed a motion to dismiss.  (ECF

No. 21.)  For the reasons discussed below, the motion is GRANTED in part and DENIED in part

as moot.

The complaint sets forth twelve causes of action against various combinations of the

defendants.  Counts One and Eight assert claims under 42 U.S.C. § 1983, alleging use of

excessive force and failure to intervene against the officer defendants.  (Compl. ¶¶ 36–38, 53–

54.)  Counts Two through Seven and Nine assert state law claims against the officer defendants.

(*Id.* at ¶¶ 39–52, 55.)  Count Ten asserts a claim of municipal liability against the Town under

Conn. Gen. Stat. § 52-557n(a).  (*Id.* at ¶¶ 56–59.)  Count Eleven asserts a claim of wrongful

death against the officer defendants and the Town under Conn. Gen. Stat. §§ 52-555, 52-557n(a).

1

(*Id.* at ¶ 60.)  Count Twelve asserts a municipal liability claim under 42 U.S.C. § 1983 against the Town and Chief Sferazza.  (*Id.* at ¶¶ 61–65.[1])  Count Thirteen asserts a "bystander emotional distress" claim against the officers and the Enfield Police Department.  (*Id.* at ¶¶ 66–67.) Finally, Count Fourteen seeks indemnification of the officer defendants by the Town under Conn. Gen. Stat. § 7-465.  (*Id.* at ¶ 68.)

Defendants' motion seeks dismissal of two components of Olschafskie's complaint. First, the motion contends that this Court should dismiss Olschafskie's claim against the Enfield Police Department in Count Thirteen[2] because the Enfield Police Department is not a "person" suable under 42 U.S.C. § 1983.  (Def.'s Mem. in Supp., ECF No. 21-1, at 3–4.)  In Olschafskie's objection to the motion to dismiss, she states that she "withdraws her claims against the Enfield Police Department."  (ECF No. 26, at 2.)  Because Olschafskie has withdrawn her claim against the Enfield Police Department, this portion of the motion to dismiss is DENIED as moot.

Second, the motion argues that this Court should dismiss all claims made against the individual police officers in their official capacities.  The motion asserts that because the Town of Enfield is already a defendant in this case, the claims against the individual officers in their official capacities are redundant.  "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.  It is *not* a suit against the official personally, for the real party in interest is the entity."  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (emphasis in original); *see also Reynolds v. Guiliani*, 506 F.3d 183, 191 (2d Cir. 2007) ("An official capacity suit against a

---

[1] There appears to be an error with respect to the paragraph numbering in the complaint.  On page 21, the paragraph numbers should begin with "63" rather than "53."

[2] The subheading in Defendants' memorandum pertaining to this issue argues that "Count Two" should be dismissed.  The Court construes this as a typographical error – it should read "Count Thirteen."  Count Two asserts claims only against the individual officers; Olschafskie's sole claim against the Enfield Police Department is located in Count Thirteen of her complaint.

public servant is treated as one against the government entity itself.").  Thus, if a plaintiff makes the same claims against municipal officers in their official capacities and the municipality in which the officers are employed, the official capacity claims are redundant and should be dismissed.  *See, e.g.*, *Kennedy v. City of Albany*, No. 15-cv-491(MAD), 2015 WL 6394513, at *5 (N.D.N.Y. Oct. 22, 2015) ("A claim against officers in their official capacity is essentially a claim against the city.  Therefore, when a 1983 claim is brought against both a municipal entity and an officer in his official capacity, the official capacity claim should be dismissed as duplicative or redundant." (citation and internal quotation marks omitted)).  Because Olschafskie asserts municipal liability claims against the Town under both federal and state law, the official capacity claims against the individual officers are redundant.

Olschafskie responds[3] by citing cases in which claims were asserted against individual officers in their official capacity and the municipality in which those defendant officers were employed.  (Pl.'s Obj., ECF No. 36-1, at 4.)  None of the cases cited, however, discuss the redundancy issue or provide a reason why a court should decline to dismiss redundant official capacity claims.  Olschafskie also asserts that removing the official capacity claims would "prejudice her case and limit her potential for recovery or relief" because "there may well be a need for injunctive or declaratory relief," and, as a result, the official capacity claims should remain "until discovery fleshes out the full extent of the alleged rampant Constitutional violations."  (*Id.* at 5–7.)  But Olschafskie fails to explain why such relief "would not properly be entered against the [Town of Enfield] as the real party in interest, rather than [the officers in their

---

[3] Olschafskie's memorandum in opposition appears to respond to many issues not raised in the motion to dismiss filed in this case, but instead issues raised in a motion to dismiss filed in a different case before this Court.  Because the motion to dismiss in this case seeks only two actions from the Court, (1) dismissal of the Town of Enfield as a defendant, and (2) dismissal of the claims against the individual officers in their official capacities, the Court addresses Olschafskie's arguments only insofar as they pertain to those two issues.

official capacities].”  *Croft v. Vill. Of Newark*, 35 F. Supp. 359, 369 (W.D.N.Y. 2014).  Nor does she explain why dismissing redundant claims would “limit her potential for recovery or relief.”

The Court notes that Defendant Worden did not join this motion to dismiss.  With regard to the redundancy issue, however, I find no factual or legal distinction between Defendant Worden and the other defendant officers in this case that would warrant different treatment of the official capacity claim against Defendant Worden.  Because Officer Worden “is similarly situated to the other defendants with respect to the claims dismissed,” *Coakley v. Jaffe*, 49 F. Supp. 2d 615, 621 n.1 (S.D.N.Y. 1999), i.e., the claims against him in his official capacity are redundant because the same claims are made against the Town of Enfield, I also dismiss the claims made against Defendant Worden in his official capacity.

As a final matter, Defendants argue in their reply memorandum that Olschafskie’s claims under Sections 8 and 20 of the Connecticut Constitution should be dismissed.  (Defs.’ Reply, ECF No. 38, at 4–5.)  Defendants did not raise this issue in their motion to dismiss; the Court will not address it.  *See, e.g.*, *Sabre v. First Dominion Capital, LLC*, No. 01-cv-2145(BSJ), 2002 WL 31556379, at *3 (S.D.N.Y. Nov. 15, 2002) (“[N]ew issues may not be raised for the first time in reply . . .” (citations omitted)).

The motion to dismiss is GRANTED in part (as to the claims against the individual officers in their official capacities), and DENIED in part as moot (as to the claim against the Enfield Police Department, given Olschafskie’s express withdrawal of the claim).  The Clerk is instructed to terminate the Enfield Police Department as a defendant in this case.


IT IS SO ORDERED.

           /s/

           Michael P. Shea, U.S.D.J.

Dated:      Hartford, Connecticut
               December 17, 2015